1  ROBERT S. SHWARTS (State Bar No. 196803)
   rshwarts@orrick.com
2  AMIRA B. DAY (State Bar No. 239045)
   aday@orrick.com
3  ORRICK, HERRINGTON & SUTCLIFFE LLP
   405 Howard Street
4  San Francisco, California  94105
   Telephone:    (415) 773-5700
5  Facsimile:    (415) 773-5759

6

7  Attorneys for Defendant
   CHASE HOME FINANCE LLC f/k/a CHASE MANHATTAN
8  MORTGAGE CORPORATION

9              UNITED STATES DISTRICT COURT

10            NORTHERN DISTRICT OF CALIFORNIA

11

12 EUGENE MOORE,                          C 07 4778

13            Plaintiff,                   NOTICE OF REMOVAL BY
                                           DEFENDANT CHASE HOME
14      v.                                 FINANCE LLC

15 CHASE MANHATTAN MORTGAGE
   CORPORATION, and DOES 1 through 50,
16
            Defendants.
17

18

19

20

21

22

23

24

25                                         ENTERED

26                                         SEP 18, 2007

27                                         CALENDARED

28

1    To the Clerk of Court, Plaintiff Eugene Moore and his attorneys of record:

2        PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. sections 1441 *et seq.*, defendant

3    Chase Home Finance LLC f/k/a Chase Manhattan Mortgage Corporation ("Chase") hereby

4    removes this action from the Superior Court of California for the County of Sonoma to the United

5    States District Court for the Northern District of California, based on the following facts:

6                        **PROCEEDINGS TO DATE**

7        1.    On August 8, 2007, a civil action was commenced in the Superior Court of

8    California for the County of Sonoma entitled "Eugene Moore, Plaintiff,  vs. Chase Manhattan

9    Mortgage Corporation, and Does 1 through 50, Defendants," No. SCV-241146 (the "Action").  A

10   true and correct copy of the Civil Case Cover Sheet, Amended Complaint and the summons and

11   other papers issued with the Amended Complaint are attached to this notice as Exhibit A.  The

12   allegations of the Amended Complaint in the Action are incorporated by reference in this notice

13   without necessarily admitting any of them.

14       2.    Defendant's registered agent for service of process was served with the Amended

15   Complaint and the other papers, which are attached as Exhibit A, on August 16, 2007.  Therefore,

16   this notice is timely as it is filed within thirty (30) days of the first receipt by a defendant of a

17   copy of the Summons and Amended Complaint in this matter.  28 U.S.C. § 1446(b).

18       3.    The Amended Complaint alleges causes of action for common law and statutory

19   invasion of privacy by violation of right of publicity, false light invasion of privacy, defamation,

20   unfair business practices (violation of Business and Professions Code sections 17200 *et seq.*),

21   intentional interference with prospective business advantage, and injunctive relief.

22       4.    Defendant is informed and believes and on that basis alleges that there have been

23   no other named defendants in this case and that no other defendant, whether named or not, has

24   been served with or otherwise received the Amended Complaint in the Action.

25       5.    On September 14, 2007 Chase filed its Answer to plaintiff's Amended Complaint

26   in the Superior Court of California County of Sonoma, a true and correct copy of which is

27   attached to this notice as Exhibit B.

28

NOTICE OF REMOVAL BY DEFENDANT CHASE
HOME FINANCE LLC

1

**JURISDICTION**

2    6.    This Court has original jurisdiction over this civil action pursuant to 28 U.S.C.

3    § 1332, as (i) the defendant to this action and the plaintiff are citizens of different states, and

4    (ii) Defendant is informed and believes, and therefore alleges, that the amount in controversy

5    exceeds the sum of $75,000, exclusive of interest and costs.  Therefore, this action is removable

6    pursuant to 28 U.S.C. § 1441(a).

7

**GROUNDS FOR REMOVAL**

8    7.    This action is a civil action between citizens of different states, for purposes of 28

9    U.S.C. § 1332(a)(i), because Plaintiff and Defendant are of diverse citizenship.  Complete

10   diversity existed at the time that this action was filed and still exists.

11        a.    **Plaintiff's Citizenship.**  Plaintiff, as he alleges, is a citizen of the State of

12              California.  Amended Complaint, ¶ 1.

13        b.    **Defendant Chase's Citizenship.**   Defendant Chase is a Delaware Limited

14              Liability Company with its principal place of business in Iselin, New

15              Jersey.

16        d.    **Doe Defendants.**  Pursuant to 28 U.S.C. section 1441(a), the citizenship of

17              fictitious defendants is disregarded for purposes of establishing removal

18              jurisdiction under 28 U.S.C. section 1332; *see also Bryant v. Ford Motor*

19              *Co.*, 886 F.2d 1526 (9th Cir. 1989), cert. denied, 493 U.S. 1076 (1990).

20   8.    This action meets the amount in controversy requirement of 28 U.S.C. § 1332(b),

21   as Plaintiff alleges in his Amended Complaint that he is entitled to compensatory damages,

22   including future damages, and prejudgment interest.  *See* Amended Complaint p. 11, Prayer, ¶¶ 1

23   & 3.  Plaintiff also seeks exemplary damages and attorneys' fees.  *See* Amended Complaint p. 11,

24   Prayer, ¶¶ 2 & 4.  Based on the foregoing, the amount in controversy in this case easily exceeds

25   the jurisdictional minimum.  Accordingly, Defendant is informed and believes, and on that basis

26   alleges, that it is factually apparent from the Amended Complaint that Plaintiff claims damages in

27   an amount in excess of $75,000 and, therefore, the amount in controversy in the Action (exclusive

28   of interest and costs) is in excess of $75,000.

NOTICE OF REMOVAL BY DEFENDANT CHASE
HOME FINANCE LLC

9.     Because this Action is currently pending before the Superior Court of California for the County of Sonoma, this District is the proper venue for this Action upon removal. *See* 28 U.S.C. § 1441(a).

Dated: September 17, 2007

ROBERT S. SHWARTS
AMIRA B. DAY
ORRICK, HERRINGTON & SUTCLIFFE LLP


Robert S. Shwarts
Attorneys for Defendant
CHASE HOME FINANCE LLC f/k/a CHASE
MANHATTAN MORTGAGE CORPORATION

- 3 -

NOTICE OF REMOVAL BY DEFENDANT CHASE
HOME FINANCE LLC

# EXHIBIT A

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, S...ber number, and address):* | FOR COURT USE ONLY |
|---|---|

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, S...ber number, and address):*
JILL R. RAVITCH
PERRY, JOHNSON, ANDERSON, MILLER & MOSKOWITZ LLP
438 1st Street, Fourth Floor
Santa Rosa, CA 95401
TELEPHONE NO: 707-525-8800    FAX NO: 707-545-8242
ATTORNEY FOR *(Name):* EUGENE MOORE

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SONOMA
STREET ADDRESS: 600 Administration Drive
MAILING ADDRESS:
CITY AND ZIP CODE: Santa Rosa 95403
BRANCH NAME:

**FILED**

JUL 18 2007

SUPERIOR COURT OF CALIFORNIA
COUNTY OF SONOMA
BY_____
DEPUTY CLERK

CASE NAME:    Eugene Moore v. Chase Manhattan Corporation, Inc., et al.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| [X] Unlimited  [ ] Limited | [ ] Counter   [ ] Joinder | SCV 241146 |
| (Amount demanded exceeds $25,000) | (Amount demanded is $25,000 or less) | Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) |
| | | JUDGE: |
| | | DEPT: |

*Items 1–5 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[X] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400-3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [ ] is   [X] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties       d. [ ] Large number of witnesses
   b. [ ] Extensive motion practice raising difficult or novel  e. [ ] Coordination with related actions pending in one or more courts
       issues that will be time-consuming to resolve             in other counties, states, or countries, or in a federal court
   c. [ ] Substantial amount of documentary evidence            f. [ ] Substantial postjudgment judicial supervision

3. Type of remedies sought *(check all that apply):*
   a. [X] monetary   b. [X] nonmonetary; declaratory or injunctive relief   c. [ ] punitive

4. Number of causes of action *(specify):*  Seven

5. This case [ ] is   [X] is not   a class action suit.

6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: July 18, 2007

JILL R. RAVITCH
_____      ▶ _____
(TYPE OR PRINT NAME)                                   (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use Judicial Council of California CM-010 [Rev. January 1, 2007] | **CIVIL CASE COVER SHEET** | Legal Solutions Plus | Cal. Rules of Court, rules 3.220, 3.400-3.403; Standards of Judicial Administration, § 19 |

# SUMMONS
## *(CITACION JUDICIAL)*

*Hee Cho*

SUM-100

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
CHASE MANHATTAN MORTGAGE CORPORATION, and DOES 1
through 50

<div style="border:1px solid">
FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

## RECEIVED

AUG 2 2 2007

ISELIN
LEGAL DEPARTMENT
</div>

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
EUGENE MOORE

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff.  A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you.  If you cannot pay the filing fee, ask the court clerk for a fee waiver form.  If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.
There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante.  Una carta o una llamada telefónica no lo protegen.  Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte.  Es posible que haya un formulario que usted pueda usar para su respuesta.  Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas.  Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.
Hay otros requisitos legales.  Es recomendable que llame a un abogado inmediatamente.  Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados.  Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro.  Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>SUPERIOR COURT OF CALIFORNIA, COUNTY OF SONOMA<br>600 Administration Drive<br><br>Santa Rosa 95403 | CASE NUMBER:<br>*(Número del Caso):* **SCV-241146** |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
JILL R. RAVITCH                          707-525-8800      707-545-8242
PERRY, JOHNSON, ANDERSON, MILLER & MOSKOWITZ LLP
438 1st Street, Fourth Floor
Santa Rosa, CA 95401

| DATE: | Clerk, by | , Deputy |
|---|---|---|
| *(Fecha)* | *(Secretario)* | *(Adjunto)* |

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.

2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☑ on behalf of *(specify):* Chase MANHATTAN Mortgage Corporation

   under: ☑ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*

4. ☑ by personal delivery on *(date):* 08/16/07

[SEAL]

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 (Rev. January 1, 2004)

**SUMMONS**


Legal
Solutions
Plus

Code of Civil Procedure §§ 412.20, 465

| | (FOR COURT USE ONLY) |
|---|---|
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SONOMA<br>CIVIL DIVISION<br>600 ADMINISTRATION DRIVE, ROOM 107-J<br>SANTA ROSA, CALIFORNIA 95403-2878<br>(707) 521-6500<br>www.sonomasuperiorcourt.com | **ENDORSED**<br>**FILED**<br>JUL 1 8 2007<br>SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF SONOMA |
| NOTICE OF ASSIGNMENT TO ONE JUDGE FOR ALL PURPOSES,<br>NOTICE OF CASE MANAGEMENT CONFERENCE,<br>and ORDER TO SHOW CAUSE<br>☐ Collections (see footnote) | Case number:<br>SCV - **241146** |

**COPY OF THIS NOTICE MUST BE SERVED WITH THE SUMMONS AND COMPLAINT AND WITH ANY CROSS-COMPLAINT**

1. THIS ACTION IS ASSIGNED TO HON. _____ELAINE RUSHING_____ FOR ALL PURPOSES.
   Pursuant to California Rules of Court, Rule 2.111(7), the assigned judge's name must appear below the number of the case and the nature of the paper on the first page of each paper presented for filing.

2. A Case Management Conference has been set at the time and place indicated below:

| Date: NOV 2 9 2007 | Time: 8:30am | Courtroom: 19 |
|---|---|---|
| Location: | 1450 Guerneville Road<br>Santa Rosa, CA 95406 | |

3. No later than 15 calendar days before the date set for the case management conference or review, each party must file a case management statement [Judicial Council form #CM-110] and serve it on all other parties in the case. In lieu of each party's filing a separate case management statement, any two or more parties may file a joint statement.

4. At the conference, counsel for each party and each self-represented party must appear personally or by telephone [California Rules of Court, Rule 3.670(c)(2)]; must be familiar with the case; and must be prepared to discuss and commit to the party's position on the issues listed in California Rules of Court, Rule 3.727.

5. Pre-approved dispositions are recorded three (3) court days prior to the case management conference. These may be obtained by calling (707) 521-6883 or by going to http://www.sonomasuperiorcourt.com/tentative/index.php.

## ORDER TO SHOW CAUSE

To Plaintiff(s), Cross-complainants, and/or their attorneys of record:
If, on the date shown above, you are not in compliance with timely filing requirements stated in California Rules of Court, Rules 3.110 and/or 3.725, you must then and there show cause why this Court should not impose monetary and/or terminating sanctions.

---

**Telephone appearances are not allowed.** Case Management Conferences in Collections cases incorporate a settlement conference. Counsel/parties *with settlement authority* are required to appear in person.

---

SCV-1 [Rev. May 25, 2007] NTC OF ASSIGNMENT OF 1 JUDGE FOR ALL PURPOSES, NTC OF CMC & OSC   CRC, Rules 3.110, 3.720-3.730, CCP§§577.5, 583.410

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, state bar number, and address) | | FOR COURT USE ONLY |
|---|---|---|
| | | |
| TELEPHONE NO.:                     FAX NO. *(Optional)*:<br>E-MAIL ADDRESS *(Optional)*:<br>ATTORNEY FOR *(Name)*: | | |
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF SONOMA**<br>600 ADMINISTRATION DRIVE, ROOM 107-J<br>SANTA ROSA, CALIFORNIA 95403-2878 | | |
| PLAINTIFF/PETITIONER:<br><br>DEFENDANT/RESPONDENT: | | |

| ADR INFORMATION SHEET<br>[Sonoma County Superior Court Rules, Rule 16] | | CASE NUMBER: |
|---|---|---|
| (Check one):   ☐ **UNLIMITED CASE**<br>(Amount demanded exceeds $25,000) | ☐ **LIMITED CASE**<br>(Amount demanded is $25,000 or less) | Date:<br>Time:<br>Location:<br>Assigned Judge: |

## NOTICE TO ALL PARTIES AND THEIR ATTORNEYS

The policy of the Sonoma County Superior Court is:

"The formal litigation of legal claims and disputes is expensive and time consuming. The overall results achieved by some or all of the parties are often unsatisfactory. There are many modern alternatives to formal court litigation which are less expensive, less time consuming, and more beneficial to the parties. It is therefore the firm policy and goal of this court to encourage the parties in all civil cases to explore and pursue private dispute resolution alternatives at the earliest possible date." (Local Rule 16.1.)

Although most (90-98%) cases do settle, many settlements come only after a considerable amount of time, money, and resources have been expended. Such expenditures, as well as the adversarial nature of litigation, can be a disincentive to settlement. The Sonoma County Superior Court encourages the use of Alternative Dispute Resolution (ADR) as early as possible after the parties become aware of a dispute.

Most ADR processes are voluntary and are paid for by the parties themselves, but ADR has proved in many cases to be faster, cheaper, and more effective than traditional litigation.

## ADVANTAGES OF ADR:

The filing of your complaint or answer may be just the beginning of the costs that you will incur during the course of your lawsuit. Lawsuits can be extremely costly. By utilizing ADR methods early in the course of your case, you may significantly reduce these costs by either resolving the case before expensive discovery and trial proceedings are commenced or by narrowing the scope of your discovery by identifying disputed and undisputed factual and legal issues.

ADR can be a fast, economical, efficient, and effective way to resolve civil cases, and most litigants report satisfaction with the process. ADR procedures can be scheduled at your convenience and can be completed in a fraction of the time required for traditional litigation. The cost of ADR will depend on the procedure and the provider you select, and the cost is typically less than litigation.

Most ADR processes are confidential but can result in enforceable agreements. Many ADR processes will give you an opportunity to test the strengths and weaknesses of your case without adverse impact in the event of a trial. Depending upon the method of ADR you select, it may be the last chance for you to control the outcome of your dispute before you place the decision in the hands of a judge or jury.

## METHODS OF ADR:

**A. MEDIATION:** Mediation is one of the most frequently used methods of ADR because it is informal, quick, convenient and confidential. In this process the parties select a neutral mediator who facilitates the identification of issues and areas of agreement and assists in finding a resolution or settlement of the dispute. Since mediation requires the agreement of the parties to resolve the matter, control of the proceedings and a determination of the settlement terms remains completely in the parties' hands. The mediator remains neutral and assists the parties in arriving at terms that are mutually agreeable.

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, state bar number, and address) | FOR COURT USE ONLY |
|---|---|
| TELEPHONE NO.:                          FAX NO. (Optional):<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | |
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF SONOMA**<br>600 ADMINISTRATION DRIVE, ROOM 107-J<br>SANTA ROSA, CALIFORNIA 95403-2878 | |
| PLAINTIFF/PETITIONER:<br><br>DEFENDANT/RESPONDENT: | |

| STIPULATION AND ORDER REFERRING MATTER TO ALTERNATIVE DISPUTE RESOLUTION | CASE NUMBER: |
|---|---|
| (Check one).   ☐ **UNLIMITED CASE**<br>(Amount demanded exceeds $25,000)      ☐ **LIMITED CASE**<br>(Amount demanded is $25,000 or less) | Date:<br>Time:<br>Location:<br>Assigned Judge: |

The parties hereby stipulate to refer the case to the following Alternate Dispute Resolution Process:

☐ Mediation                                ☐ Non-binding Private Arbitration
☐ Binding Private Arbitration              ☐ Private Settlement Conference
☐ Early Neutral Evaluation                 ☐ Judicial Arbitration

The ADR process will be conducted by (name of individual). _____

Provider's Address: _____

Provider's Telephone: _____  Fax: _____  E-mail address: _____
☐ No agreement
The ADR process will be conducted on (date): _____
☐ No agreement

☐   The parties have reached agreement as to the payment of fees of ADR provider.
☐   The parties have not reached agreement as to the payment of fees of ADR provider.

Type or print name of ☐ Party without attorney ☐ Attorney for        (Date and Sign) Attorney or party without
☐ Plaintiff/Petitioner ☐ Defendant/Respondent/Contestant            attorney (Sign in blue ink)

Type or print name of ☐ Party without attorney ☐ Attorney for        (Date and Sign) Attorney or party without
☐ Plaintiff/Petitioner ☐ Defendant/Respondent/Contestant            attorney (Sign in blue ink)

☐   Additional signatures are attached

CM-110

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)* | FOR COURT USE ONLY |
|---|---|

TELEPHONE NO.                    FAX NO. *(Optional)*

E-MAIL ADDRESS *(Optional)*

ATTORNEY FOR *(Name)*

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF**

STREET ADDRESS

MAILING ADDRESS

CITY AND ZIP CODE

BRANCH NAME

PLAINTIFF/PETITIONER:

DEFENDANT/RESPONDENT:

**CASE MANAGEMENT STATEMENT**

(Check one): ☐ **UNLIMITED CASE** (Amount demanded exceeds $25,000) ☐ **LIMITED CASE** (Amount demanded is $25,000 or less)

CASE NUMBER:

A **CASE MANAGEMENT CONFERENCE** is scheduled as follows:

Date:                    Time:            Dept.:            Div.:            Room:

Address of court *(if different from the address above)*:

**INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.**

1  **Party or parties** *(answer one)*:
   a. ☐ This statement is submitted by party *(name)*:
   b. ☐ This statement is submitted **jointly** by parties *(names)*:

2  **Complaint and cross-complaint** *(to be answered by plaintiffs and cross-complainants only)*
   a.  The complaint was filed on *(date)*:
   b. ☐ The cross-complaint, if any, was filed on *(date)*:

3. **Service** *(to be answered by plaintiffs and cross-complainants only)*
   a. ☐ All parties named in the complaint and cross-complaint have been served, or have appeared, or have been dismissed.
   b. ☐ The following parties named in the complaint or cross-complaint
      (1) ☐ have not been served *(specify names and explain why not)*:
      (2) ☐ have been served but have not appeared and have not been dismissed *(specify names)*:
      (3) ☐ have had a default entered against them *(specify names)*:
   c. ☐ The following additional parties may be added *(specify names, nature of involvement in case, and the date by which they may be served)*:

4. **Description of case**
   a.  Type of case in ☐ complaint ☐ cross-complaint  *(describe, including causes of action)*:

Form Adopted for Mandatory Use
Judicial Council of California
CM-110 [Rev. January 1, 2007]

**CASE MANAGEMENT STATEMENT**

Cal. Rules of Court
rules 3.720–3.730
www.courtinfo.ca.gov

American LegalNet, Inc.
www.FormsWorkflow.com

CM-110

| PLAINTIFF/PETITIONER: | CASE NUMBER |
|---|---|
| DEFENDANT/RESPONDENT: | |

10. d.  The party or parties are willing to participate in *(check all that apply)*:
    (1) ☐ Mediation
    (2) ☐ Nonbinding judicial arbitration under Code of Civil Procedure section 1141.12 (discovery to close 15 days before arbitration under Cal. Rules of Court, rule 3.822)
    (3) ☐ Nonbinding judicial arbitration under Code of Civil Procedure section 1141.12 (discovery to remain open until 30 days before trial; order required under Cal. Rules of Court, rule 3.822)
    (4) ☐ Binding judicial arbitration
    (5) ☐ Binding private arbitration
    (6) ☐ Neutral case evaluation
    (7) ☐ Other *(specify)*:

    e. ☐ This matter is subject to mandatory judicial arbitration because the amount in controversy does not exceed the statutory limit
    f. ☐ Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.
    g. ☐ This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court *(specify exemption)*:

## 11. Settlement conference
    ☐ The party or parties are willing to participate in an early settlement conference *(specify when)*:

## 12. Insurance
    a. ☐ Insurance carrier, if any, for party filing this statement *(name)*:
    b. Reservation of rights: ☐ Yes ☐ No
    c. ☐ Coverage issues will significantly affect resolution of this case *(explain)*:

## 13. Jurisdiction
Indicate any matters that may affect the court's jurisdiction or processing of this case, and describe the status.
    ☐ Bankruptcy ☐ Other *(specify)*:
    Status:

## 14. Related cases, consolidation, and coordination
    a. ☐ There are companion, underlying, or related cases.
        (1) Name of case:
        (2) Name of court:
        (3) Case number:
        (4) Status:
        ☐ Additional cases are described in Attachment 14a.
    b. ☐ A motion to ☐ consolidate ☐ coordinate will be filed by *(name party)*:

## 15. Bifurcation
    ☐ The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action *(specify moving party, type of motion, and reasons)*:

## 16. Other motions
    ☐ The party or parties expect to file the following motions before trial *(specify moving party, type of motion, and issues)*:

**CASE MANAGEMENT STATEMENT**

# NOTICE

## SONOMA COUNTY SUPERIOR COURT
## CIVIL DIVISION PRO TEM JUDGE PROGRAM

This is to advise that the Civil Division's Pro Tem Judge Program is available to those civil litigants who wish to expedite trial by stipulating to the use of an attorney to serve as Pro Tem Judge. The court maintains a Pro Tem Judge panel, which consists of attorneys sworn by the Court and willing to serve in this capacity. Parties may stipulate to a trial by a Pro Tem Judge of their choice and may inform the Court of such a stipulation by contacting Connie Origer, the Pro Tem Judge Program Coordinator, at (707) 565-6430.

The Program offers three primary benefits to litigants: (1) the date and location of trial can often be scheduled by stipulation of the parties; (2) the trial will take place on the agreed date for trial, thus eliminating the need to trail other cases, and; (3) the trial can be scheduled for full days on a 5 day per week basis, thus shortening the time to try the case. The Program is available for both jury and court trials.

For cases that are tried in 5 days or less (9:00 a.m. to 5:00 p.m., jury or non-jury), the Pro Tem Judge serves at no cost to the parties. For trials that exceed 5 days in length, the parties and the Pro Tem Judge are obliged to agree to a daily fee, not to exceed $1,200 per day, for each full or partial day of trial beginning with the 6th day of trial. Additionally, the Court will charge the parties $656.72 for each day of trial for the Clerk and Court Reporter. The Court discourages the use of overtime and will charge an additional cost of $123.14 for each hour or portion thereof exceeding 8 hours in any day. The parties are also responsible for the payment of jury fees as in any other civil case. Cases in which there are fee waivers are eligible for the Program.

The Court is enthusiastic about this Program and urges all counsel to discuss the availability of the Program and the feasibility of its use with opposing counsel. Counsel must also obtain permission from clients to participation in the Program. To participate in the Program, contact Ms. Origer as soon as possible to discuss trial dates. Ms. Origer will generate and mail all required stipulations and orders with respect to the Program. Parties may obtain additional information on this program by contacting Ms. Origer or by reviewing the court's website at www.sonomasuperiorcourt.com.

Plaintiff is ordered to serve this Notice on all parties and to certify by proof of service filed with the Court that such service has been accomplished within 60 days of the filing of the Complaint.

| ATTORNEY OR PARTY WITHOUT ATTORNEY (*Name & Address*): | **FOR COURT USE ONLY** |
|---|---|
| Telephone No.:                          FAX No.: | |
| ATTORNEY FOR (Name):                     Bar No. | |
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF SONOMA**<br>600 Administration Drive<br>Santa Rosa, CA 95403<br>Telephone: (707) 565-1100 | |
| PLAINTIFF(S)/PETITIONER(S): | |
| DEFENDANT(S)/RESPONDENT(S): | CASE NUMBER: |

## NOTICE OF SELECTION AS MEDIATOR IN COURT-CONNECTED MEDIATION
### (Sonoma County Superior Court Local Rule 16)

Name of Mediator Selected: _____

**PLEASE TAKE NOTICE** that the above-referenced matter is subject to Sonoma County Superior Court Local Rule 16 (Rules Applicable to Alternative Dispute Resolution (ADR)). The parties have selected you to serve as the mediator in this matter. Sonoma County Superior Court has a voluntary, market rate mediation program. All mediations conducted in cases covered by Local Rule 16 are court-connected mediations and are subject to the provisions of California Rules of Court, Rules 3.850 et seq. It is your obligation to familiarize yourself with Local Rule 16 and California Rules of Court, Rules 3.850 et seq. before the mediation. **PLEASE NOTE:** you are required to have the parties complete an Attendance Sheet for Court-Program Mediation of Civil Case (Alternative Dispute Resolution) (Judicial Council form ADR-107) in accordance with California Rules of Court Rule 3.860. The form is available at the web site of the California Courts www.courtinfo.ca.gov.

If you <u>are not</u> a member of the Sonoma County Superior Court panel of mediators, in order to serve as mediator in this case, you must complete the acceptance below (see CRC Rule 3.851(a) (2)), sign it in the space provided, and file the completed Notice *with your original signature* with the Court not less than five days before commencement of the mediation. Please also provide a courtesy copy of the completed and signed Notice to the ADR Program Coordinator, 1450 Guerneville Road, Building G, Santa Rosa, California 95403 or by facsimile transmission to (707) 565-7059.

If you are mediating a case referred to court-connected mediation during calendar year 2007, regardless of the date of the mediation, you are required to complete and return a Mediator's Questionnaire (Sonoma County Superior Court Local form CV-36) within five (5) days after completion or other termination of the mediation. The completed questionnaire may be mailed or faxed to ADR Program Coordinator at the above address or FAX number. The plaintiff should provide the Mediator's Questionnaire to you. The questionnaire is also available on the web site of the Sonoma County Superior Court www.sonomasuperiorcourt.com.

If you have any questions regarding your selection or service as a mediator in this matter or about the Sonoma County Superior Court ADR Program, please feel free to contact the ADR Program Coordinator at (707) 565-7000 or ADR@sonomacourt.org.

## MEDIATOR'S ACCEPTANCE

I, _____ hereby agree to mediate the above-captioned matter subject to
          (print name)

the conditions stated in this notice.


Dated _____          _____
                                          (Mediator's Signature)

ENDORSED
FILED

AUG -8 2007

SUPERIOR COURT
OF CALIFORNIA
COUNTY OF SONOMA

1  JILL R. RAVITCH (SBN: 129787)
    PERRY, JOHNSON, ANDERSON
2  MILLER & MOSKOWITZ, LLP
    438 First Street, Fourth Floor
3  Post Office Box 1028
    Santa Rosa, CA 95402-1028
4  Telephone: (707) 525-8800
    Facsimile: (707) 545-8242

5

    Attorneys for Plaintiff
6  EUGENE MOORE

7

8             **SUPERIOR COURT OF CALIFORNIA, COUNTY OF SONOMA**

9

10  EUGENE MOORE,              Case No.  SCV-241146

11                        (Unlimited Civil Case )

12        Plaintiff,
                        **AMENDED**
13      vs.                     **COMPLAINT FOR:**

14  CHASE MANHATTAN MORTGAGE      1.    **Common Law Invasion Of Privacy**
    CORPORATION, and DOES 1 through 50,           **By Violation Of Right Of**
                                      **Publicity;**
15                             2.    **Statutory Invasion Of Privacy By**
           Defendants.              **Violation Of Right Of Publicity**
16                                   **[Cal. Civil Code Section 3344]**
    —————————————————/      3.    **False Light Invasion of Privacy;**
17                             4.    **Defamation**
18                             5.    **Unfair Business Practices [Calif.**
                                   **Bus. & Prof. Code §§ 17200 et**
19                                   **seq.]; and**
                           6.    **Intentional Interference With**
20                                 **Prospective Economic Advantage**
                           7.    **Injunctive Relief**

21      Plaintiff Eugene Moore ("Moore") hereby complains against Defendant Chase Manhattan

22  Mortgage Corporation ("Chase"), and Does 1 through 50 (collectively referred to herein as

23  "Defendants") as follows:

24                                **THE PARTIES**

25      1.  Moore is, and at all times relevant herein was, an individual residing in Sonoma

26  County, California.

27      2.  Plaintiff is informed and believes, and thereon alleges, that Chase is a corporation

28  incorporated in the State of New Jersey, that, at all relevant times, has had ongoing contacts with,

                                      1

1    and has transacted business in the State of California, that Chase is doing business in Sonoma

2    County, California, and further that Chase has a long established office in Sonoma County,

3    California located at 85 Brookwood Ave., Santa Rosa, CA 95404.

4        3. Moore is ignorant of the true names and capacities of the Defendants sued herein as

5    Does 1 through 50, inclusive, and therefore sues said Defendants by such fictitious names. Moore

6    will amend this Complaint to allege the true names and capacities when the same has been

7    ascertained. Moore is informed and believes, and thereon alleges, that each fictitiously-named

8    Defendant is responsible in some manner for the occurrences herein alleged, and that Moore's

9    damages as herein alleged were proximately caused by their conduct.

10       4. Each of the Defendants acted as an agent for each of the other Defendants in doing the

11   acts alleged and each Defendant ratified and otherwise adopted the acts and statements

12   performed, made or carried out by the other Defendants so as to make them directly and

13   vicariously liable to Moore for the conduct complained of herein.

14                           **GENERAL ALLEGATIONS**

15       5. From approximately January of 2003 to December 2003, Moore was employed by

16   Chase as a loan agent.  Moore's duties included but were not limited to assessing whether clients

17   were eligible to borrow money, selling different types of financial products to clients, discussing

18   the mortgage options available, advising clients on the structure of their mortgages and loans,

19   generating new clients and maintaining existing accounts.

20       6. Prior to joining Chase, Moore had developed a large and valuable client base; these

21   existing and potential clients followed him to Chase because of his positive business reputation.

22   While working at Chase, Moore continued to develop and grow his client base. Moore's name

23   carried with it a positive reputation in the mortgage business which was a valuable asset in his

24   professional career. Moore had built his business reputation by personally providing quality

25   service to his customers over the many years working in the mortgage business. Moore's

26   outstanding reputation as a loan agent generated new business from existing customers and

27   induced new customers to engage in business with Moore.

28       7. While working at Chase, Moore was provided a personal computer for business

1   purposes. Moore kept contact information for all his clients in the personal computer.

2        8.  In November 2003, Moore gave notice to Chase that he would no longer be working

3   for the company, he stopped working for Chase shortly after giving notice and began working for

4   Cal-Bay Mortgage. Prior to leaving, the personal computer Moore used to store contact

5   information regarding his client base malfunctioned and crashed. Moore returned the computer to

6   Chase before leaving, leaving his client base contact information on it.

7        9.  Moore is informed and believes, and on such information and belief alleges that Chase

8   repaired the computer and misappropriated his client list from the computer's hard drive.

9        10.  In 2006, Moore first learned that Chase had been sending mass marketing material to

10  Moore's clients' personal residences through the United States Postal Service. The material

11  displayed Moore's name and signature, however, the signature was counterfeit. The material

12  falsely represented that the letter was sent from Moore and that Moore was working for Chase.

13  The material informed the reader to contact Moore at Chase's telephone number and address,

14  however, when the material was sent years had passed since Moore was employed at Chase.

15  Moore had never sent out mass marketing material while working at Chase because it created a

16  negative image of insincerity and would adversely affect his business reputation.

17       11.  Moore is informed and believes, and on such information and belief alleges that

18  Chase has refused to stop its conduct as described above.

19       12.  Moore is informed and believes, and on such information and belief alleges that

20  many of his clients who received the marketing materials described above attempted to contact

21  Moore at the telephone number listed on the material. However, the clients reached agents of

22  Chase who falsely informed the caller that Moore had been terminated by Chase and he had left

23  the company on unfavorable terms.

24       13.  Chase's conduct described above has damaged Moore's reputation in that the

25  material sent from Chase was false and misleading by implying and claiming Moore was

26  currently employed at Chase and that the marketing material was personally sent from Moore

27  himself. This harmed Moore's reputation by portraying him as insincere and made him look as

28  though he did not value the personal relationships he had built with his clients over many years.

**COMPLAINT**

Moore's reputation was further damaged by Chase's false and misleading statements which misconstrued the facts in an attempt to tarnish Moore's reputation and sabotage his ongoing business relationships.

14. Chase's conduct, as detailed herein, resulted in Moore has suffering loss of income, damage to his reputation, and loss of potential business opportunities.

<u>**First Cause Of Action**</u>

**Common Law Invasion Of Privacy By Violation Of Right Of Publicity**

15. Moore incorporates herein by this reference paragraphs 1 through 15 as if set forth in full in this cause of action.

16. Commencing on or about 2006, and continuing until the present date, Chase, without Moore's knowledge or consent, invaded Moore's right to privacy by (1) falsely representing to past, existing, and, potential clients, and the public in general that Moore was presently employed at Chase, (2) using his name on marketing and solicitation materials in connection with financial services which Moore previously performed while employed at Chase, and thereby implying Moore was currently employed at Chase and available to assist clients when they contacted the phone number and address displayed on the marketing material, and (3) using Moore's name without his knowledge or consent.

17. The statement which is the basis of the invasion of privacy and appropriation of name and personality is, among others, "Eugene Moore," which appeared, among other places on the marketing materials generated and distributed by Chase. In addition, Chase forged Moore's personal signature on various marketing materials and disbursed these materials to past, existing and potential clients, and the public in general with the intent to wrongfully lure business away from Moore under false pretenses.

18. The appropriation was unauthorized and without Moore's consent.

19. Chase's conduct involved the appropriation of Moore's name and personality and constituted the use of his reputation and professional status.

20. The appropriation was for Chase's advantage in that it was intended to result in Defendants' pecuniary gain and profit.

<div align="center">4</div>

<div align="center">COMPLAINT</div>

21. As a proximate result of the above conduct of Chase, Moore suffered injury to his professional reputation. He has also been exposed to contempt and ridicule, and suffered loss of reputation and standing in the community, all of which caused him humiliation, embarrassment, hurt feelings, mental anguish, and suffering, all to his general damage in an amount according to proof.

22. As a further proximate result of the above-mentioned representations, Moore has suffered injury to his business, in that he has lost opportunities to capitalize on his professional reputation, all to his special damage in an amount according to proof.

23. In making the representations described above, Chase is guilty of oppression, fraud, and/or malice. The conduct alleged herein was willful, malicious, reckless and committed with the intention of injuring Moore and depriving him of his legal rights or otherwise causing injury, and their despicable conduct subjected Moore to cruel and unjust hardship in conscious disregard of Moore's rights, all for its profits, so as to justify an award of exemplary and punitive damages.

24. Moore is further informed and believes and thereon alleges that Chase has unlawfully and unjustly profited from the acts herein alleged. Accordingly, Moore is entitled to an award against Chase for the recovery of any gains, revenue, profits and advantages Chase has obtained as a result of their unlawful conduct, as well as Moore's damages, attorneys' fees and costs.

25. Unless and until enjoined and restrained by order of this Court, Chase's continued publication will cause Moore great and irreparable injury in that the damage to his reputation will continue unabated. Moore has no adequate remedy at law for the injuries being suffered in that they are impossible to quantify and a judgment for monetary damages will not end the invasion of his privacy. Accordingly, Moore is entitled to a temporary restraining order, preliminary injunction and permanent injunction against Chase, and all persons acting in concert with them, prohibiting them from appropriating Moore's name and reputation.

## Second Cause Of Action

**Statutory Invasion Of Privacy By Violation Of Right Of Publicity. [Cal. Civil Code § 3344]**

26. Moore incorporates herein by this reference paragraphs 1 through 25 as if set forth in full in this cause of action.

27.  Commencing on or about 2006, and continuing until the present date, Chase, without Moore's knowledge or consent, invaded Moore's right to privacy by (1) falsely representing to past, existing and, potential clients, and the public in general that Moore was presently employed at Chase, (2) using his name on marketing and solicitation materials in connection with financial services which Moore previously performed while employed at Chase, and thereby implying Moore was currently employed at Chase and available to assist clients when they contacted the phone number and address displayed on the marketing material, and (3) using Moore's name without consent.

28.  The statement which is the basis of the invasion of privacy and appropriation of name and personality is, among others, "Eugene Moore," which appeared, among other places on the marketing materials generated and distributed by Chase. In addition, Chase forged Moore's personal signature on various marketing materials and disbursed these materials to past, existing and, potential client, and the public in general with the intent to wrongfully lure business away from Moore under false pretenses.

29.  The appropriation was unauthorized and without Moore's knowledge or consent.

30.  Chase's conduct involved the appropriation of Moore's name and personality and constituted the use of his reputation and professional status.

31.  The appropriation by Chase was for the purpose of advertising, marketing and soliciting purchases of financial programs, real estate and mortgage products, merchandise, goods, and services.

32.  As a proximate result of the above conduct of Chase, Moore suffered injury to his professional reputation. He has also been exposed to contempt and ridicule, and suffered loss of reputation and standing in the community, all of which caused him humiliation, embarrassment, hurt feelings, mental anguish, and suffering, all to his general damage in an amount according to proof.

33.  As a further proximate result of the above-mentioned representations, Moore has suffered injury to his business, in that he has lost opportunities to capitalize on his professional reputation, all to his special damage in an amount according to proof.

1    34.  In making the representations described above, Chase was guilty of oppression,

2  fraud, and/or malice. The conduct alleged herein was willful, malicious, reckless and committed

3  with the intention of injuring Moore and depriving him of his legal rights or otherwise causing

4  injury, and their despicable conduct subjected Moore to a cruel and unjust hardship in conscious

5  disregard of Moore's rights, all for its profits, so as to justify an award of exemplary and punitive

6  damages.

7    35.  Moore is further informed and believes and thereon alleges that Chase has unlawfully

8  and unjustly profited from the acts herein alleged. Accordingly, Moore is entitled to an award

9  against Chase for the recovery of any gains, revenue, profits and advantages Chase has obtained

10  as a result of their unlawful conduct, as well as Moore's damages, attorneys' fees and costs.

11    36.  Unless and until enjoined and restrained by order of this Court, Chase's continued

12  publications will cause Moore great and irreparable injury in that the damage to his reputation

13  will continue unabated. Moore has no adequate remedy at law for the injuries being suffered in

14  that they are impossible to quantify and a judgment for monetary damages will not end the

15  invasion of Plaintiff's privacy. Accordingly, Moore is entitled to a temporary restraining order,

16  preliminary injunction and permanent injunction against Chase, and all persons acting in concert

17  with them, prohibiting them from appropriating Moore's name and reputation.

18                          **Third Cause Of Action**

19                      **False Light Invasion of Privacy**

20    37.  Moore incorporates herein by this reference paragraphs 1 through 36 as if set forth in

21  full in this cause of action.

22    38.  Commencing on or about 2003, and continuing until the present date, Chase, without

23  Moore's knowledge or consent, invaded Moore's right to privacy by (1) falsely representing in

24  marketing and publicity materials, and elsewhere, that Moore was working for Chase (2) that

25  Moore endorsed Chase in general, and Chase's financial products and business practices, and (3)

26  that Moore left Chase under unfavorable conditions. Such acts created publicity that placed

27  Moore in a false light in the public eye.

28    39.  The misrepresentations described herein adversely affected Moore's public identity,

7
**COMPLAINT**

and created an impression that a reasonable person would find outrageous. The tort of false light invasion of privacy is meant to protect this privacy interest in the integrity of one's public identity. The mis-impression created was damaging to his career as explained above.

40. The representations by Chase created publicity in the sense of a public disclosure to a large number of people in that Chase's marketing materials carrying false and misleading information were and are being disbursed to numerous people across the State of California. Furthermore, Chase's false representations regarding Moore leaving Chase were made to numerous individuals who contacted Chase while attempting to reach Moore.

41. The publicity created by Chase placed Moore in a false light in the public eye.

42. The publicity created by Chase was damaging, offensive and objectionable to Moore and to a reasonable person of ordinary sensibilities in that it falsely represents and implies that Moore was the sender of boilerplate marketing material, that Moore was insincere and did not value the personal nature of his business relationships, and that Moore's departure from Chase was under unfavorable conditions.

43. The publicity created by Defendants was done with malice in that it was made with knowledge of its falsity as Chase knew them to be false representations.

44. As a proximate result of the above false light disclosure, Moore suffered injury to his professional reputation. He has also been exposed to contempt and ridicule, and suffered loss of reputation and standing in the community, all of which caused his humiliation, embarrassment, hurt feelings, mental anguish, and suffering, all to his general damage in an amount according to proof.

45. As a further proximate result of the above-mentioned representations, Moore has suffered injury to his business, in that he has lost opportunities to capitalize on his professional reputation, all to his special damage in an amount according to proof.

46. In making the disclosure described above, Chase was guilty of oppression, fraud, and/or malice. The conduct alleged herein was willful, malicious, reckless and committed with the intention of injuring Moore and depriving him of his legal rights or otherwise causing injury, and Chase's despicable conduct subjected Moore to a cruel and unjust hardship in conscious

1    disregard of Moore's rights, so as to justify an award of exemplary and punitive damages.

2    47.  Moore is further informed and believes and thereon alleges that Chase has unlawfully

3    and unjustly profited from the acts herein alleged. Accordingly, Moore is entitled to an award

4    against Chase for the recovery of any gains, revenue, profits and advantages Chase has obtained

5    as a result of their unlawful conduct, as well as Moore's damages, attorneys' fees and costs.

6    48.  Unless and until enjoined and restrained by order of this Court, Chase's continued

7    publication will cause Moore great and irreparable injury in that the damage to his reputation will

8    continue unabated. Moore has no adequate remedy at law for the injuries being suffered in that

9    they are impossible to quantify and a judgment for monetary damages will not end the invasion

10   of plaintiffs privacy. Accordingly, Moore is entitled to a temporary restraining order, preliminary

11   injunction and permanent injunction against Chase, and all persons acting in concert with it,

12   prohibiting them from presenting false information about Moore to the public.

13                              **Fourth Cause Of Action**
                                   **Defamation**

14

15   49.  Moore incorporates herein by this reference paragraphs 1 through 48 as if set forth in

     full in this cause of action.

16

17   50.  Chase, as described above, intentionally, wrongfully,  and without justification and

     without privilege, made false, misleading and derogatory statements about Moore.

18

19   51.  The statements made by Chase disparaged Moore.

20   52.  Chase statements have caused and continue to cause damage to Moore, including

     economic damage and damage to his reputation, in an amount to be determined.

21

22   53.  In the conduct alleged above Chase was guilty of oppression, fraud, and malice. The

     conduct alleged herein was willful, malicious, reckless and committed with the intention of

23

24   injuring Moore and depriving him of his legal rights or otherwise causing injury, and Chase's

     despicable conduct subjected Moore to a cruel and unjust hardship in conscious disregard of

25

26   Moore's rights, so as to justify an award of exemplary and punitive damages.

27   54.  As a proximate result of Defendants' negligence, Moore has been damaged in an

     amount to be proven at trial but exceeding the jurisdictional minimum of this Court.

28

**Fifth Cause Of Action**

**Unfair Business Practices [Calif. Bus. & Prof. Code §§ 17200 et seq.]**

55. Moore incorporates herein by this reference paragraphs 1 through 54 as if set forth in full.

56. Chase's actions constitute unfair business practices under Business & Professions Code § 17200 et seq.

57. In undertaking the conduct described above, Chase was guilty of oppression, fraud, and/or malice. The conduct alleged herein was willful, malicious, reckless and committed with the intention of injuring and depriving Moore of his legal rights or otherwise causing injury, and Chase's despicable conduct subjected him to cruel and unjust hardship in conscious disregard of his rights, so as to justify an award of exemplary and punitive damages.

58. Chase's unfair business practices, if not enjoined, will continue to cause irreparable damage to Moore in a manner that cannot be calculated or compensated by money damages. Accordingly, Moore is entitled to a temporary restraining order, preliminary injunction and permanent injunction against Chase, and all persons acting in concert with them, prohibiting them from presenting false information about Moore to the public.

59. Moore is further informed and believes and thereon alleges that Chase have unlawfully and unjustly profited from the acts herein alleged. Accordingly, Moore is entitled to an award against Chase for the recovery of any gains, profits and advantages Chase has obtained as a result of its unlawful conduct, Moore's damages, attorneys' fees and costs, as well as exemplary and punitive damages (pursuant to California Civil Code § 3294), according to proof.

**Sixth Cause Of Action**

**Intentional Interference With Prospective Economic Advantage**

60. Moore incorporates herein by this reference paragraphs 1 through 59 as if set forth in full.

61. Moore was involved in valid and existing business relationships with numerous individuals and businesses. These individuals and business entities made up Moore's existing and potential client base. Moore provided these individuals and business entities services in the

10

past and/or discussed and contemplated future business ventures together.

62. Chase knew of the relationship between Moore and his existing and potential client base.

63. Chase intentionally disrupted the relationship between Moore and Moore's past, existing and potential client base by defaming him to callers by claiming he no longer worked at Chase and left on bad terms. Chase disbursed false and misleading marketing material with the intent to steal and destroy Moore's business relationships with his past, existing and potential client base.

64. As a result of Chase's intentional acts, the business relationship between Moore and his past, existing and potential client base was disrupted in that these clients ended their business relationship with Moore based on Chase's false and misleading marketing material and defamatory statements regarding Moore's professional competence. Past, existing and prospective clients have not engaged in future business ventures with Moore, proximately caused by Chase's intentional interference with the above described business relationships.

65. Chase's interference with the business relationships between Moore and his past, existing and potential client base has resulted in damage to Moore. This amount includes all damages directly and proximately resulting from Chase's interference, according to proof.

## PRAYER

WHEREFORE, Moore prays judgment against Chase as follows:

1. That Moore be awarded all damages, including future damages, that he has sustained, or will sustain, as a consequence of the acts complained of herein, subject to proof at trial;

2. costs, and attorneys' fees;

3. pre-judgment interest;

4. exemplary damages;

7. such other and further relief as this Court may deem appropriate.

5. a temporary restraining order, preliminary injunction, and permanent injunction enjoining Chase and their agents, and all persons in active concert or participation

1    with any of them, from engaging in the conduct referenced herein; and,

2    6.    for disgorgement of all profits, and restitution of the moneys wrongfully received

3    by Chase as a result of its misconduct as described above.

4                        **DEMAND FOR JURY TRIAL**

5    Moore hereby requests a jury trial on all issues triable by a jury.

6    DATED: *August 7, 2007*                PERRY, JOHNSON, ANDERSON
                                            MILLER & MOSKOWITZ, LLP
7

8                                           _____
                                            JILL R. RAVITCH
9                                           Attorney for Plaintiff

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT B

1 | ROBERT S. SHWARTS (State Bar No. 196803)
AMIRA B. DAY (State Bar No. 239045)

2 | ORRICK, HERRINGTON & SUTCLIFFE LLP
405 Howard Street

3 | San Francisco, California 94105
Telephone:    (415) 773-5700

4 | Facsimile:    (415) 773-5759

5

6 | Attorneys for Defendant
CHASE HOME FINANCE LLC f/k/a CHASE MANHATTAN

7 | MORTGAGE CORPORATION

8 |               SUPERIOR COURT OF THE STATE OF CALIFORNIA

9 |                          COUNTY OF SONOMA

10

11 | EUGENE MOORE,                          CASE NO. SCV-241146

12 |         Plaintiff,              **DEFENDANT CHASE HOME FINANCE LLC'S ANSWER TO**

13 |     v.                          **PLAINTIFF'S AMENDED COMPLAINT**

14 | CHASE MANHATTAN MORTGAGE
CORPORATION, and DOES 1 through 50,

15 |                                        BY FAX

16 |         Defendants.

17

18

19

20

21

22

23

24

25

26

27

28

OHS West:260300662.1

DEFENDANT CHASE HOME FINANCE LLC'S ANSWER TO PLAINTIFF'S AMENDED COMPLAINT

ENDORSED
FILED

SEP 14 2007

SUPERIOR COURT
OF CALIFORNIA
COUNTY OF SONOMA

Defendant Chase Home Finance LLC f/k/a Chase Manhattan Mortgage Corporation ("Chase") hereby answers the Amended Complaint ("Complaint") filed by the plaintiff in the above-entitled action as follows:

## GENERAL DENIAL

Pursuant to California Code of Civil Procedure § 431.30(d), Chase generally denies each and every material allegation of the Complaint and further denies that plaintiff has been damaged in the manner or amount alleged, or in any manner or amount.

## DEFENSES

Chase asserts the following defenses to the Complaint and to each of its purported causes of action:

1.     As a separate defense to the Complaint and to each cause of action therein, the Complaint fails to state any claim upon which relief can be granted.

2.     As a separate defense to the Complaint and to each cause of action therein, plaintiff's claims are barred under the doctrine of unclean hands and the doctrine of *in pari delicto*.

3.     As a separate defense to the Complaint and to each cause of action therein, plaintiff's claims are barred under the doctrines of estoppel and/or waiver.

4.     As a separate defense to the Complaint and to each cause of action therein, plaintiff's claims are barred under the doctrine of laches.

5.     As a separate defense to the Complaint and to each cause of action therein, no conduct by or attributable to Chase was the cause in fact or legal cause of any alleged damages suffered by plaintiff.

6.     As a separate defense to the Complaint and to each cause of action therein, plaintiff's claims are barred by any and all applicable statutes of limitations.

8.     As a separate defense to the Complaint and to each cause of action therein, plaintiff has failed to act equitably in the matters alleged in the Complaint, and any recovery must be diminished or barred by reason thereof.

9.     As a separate defense to the Complaint and to each cause of action therein,

OHS West:260300662.1

- 1 -

1  plaintiff's recovery is barred in whole or in part by the doctrine of ratification.

2      10.    As a separate defense to the Complaint and each cause of action therein,

3  plaintiff consented to and approved all of the acts and omissions about which plaintiff now

4  complains.

5      11.    As a separate defense to the Complaint and to each cause of action therein,

6  plaintiff's claims are barred due to mistake.

7      12.    As a separate defense to the Complaint and to each cause of action therein,

8  to the extent that Chase made any of the statements or representations about which plaintiff

9  complains, Chase was privileged and justified in doing so both by statute and by common law.

10      13.    As a separate defense to the Complaint and each cause of action therein,

11  plaintiff is not entitled to injunctive relief because plaintiff has failed to avail himself of or

12  exhaust plain, adequate, or complete remedies at law.

13      14.    As a separate defense to the Complaint and to each cause of action therein,

14  plaintiff's claims are barred because plaintiff would be unjustly enriched if allowed to recover on

15  this Complaint.

16      15.    As a separate defense to the Complaint and to each cause of action therein,

17  any recovery by plaintiff must be barred or reduced by his failure to mitigate his alleged damages.

18      16.    As a separate defense to the Complaint and each cause of action therein,

19  any recovery by plaintiff must be barred or reduced due to his comparative fault and failure to

20  exercise ordinary care, caution and prudence in connection with the transactions and events

21  alleged within the Complaint.

22      17.    As a separate defense to the Complaint and each cause of action therein,

23  Chase acted in good faith and had reasonable grounds for believing its actions did not violate

24  applicable law.

25      18.    As a separate defense to the Complaint and to each cause of action therein,

26  should it be determined that plaintiff has been damaged, then said damages were proximately

27  caused by plaintiff's own conduct, and/or plaintiff's claims are barred or limited by his own

28  contributory negligence, comparative negligence or comparative fault.

DEFENDANT CHASE HOME FINANCE LLC'S ANSWER TO PLAINTIFF'S AMENDED COMPLAINT

1

2          19.    As a separate defense to the Complaint and each cause of action therein, if

3   Chase is found to have violated the law, Chase did not act willfully in so doing.

4          20.    As a separate defense to the Complaint and each cause of action therein,

5   the Complaint fails to state facts sufficient to form the basis for an award of punitive damages,

6   and any award of punitive damages in this case would violate the due process, equal protection

7   and excessive fines provisions of the California and United States Constitutions.

8          21.    As a separate defense to the Complaint and each cause of action therein,

9   plaintiff fails to state facts sufficient to support an award of compensatory damages against

10  Chase.

11         22.    As a separate defense to the Complaint and each cause of action therein,

12  Chase presently has insufficient knowledge or information on which to form a belief as to

13  whether it may have additional, as yet unstated, available defenses.  Chase reserves herein the

14  right to assert additional affirmative defenses in the event that discovery indicates they would be

15  appropriate.

16  ///

17  ///

18  ///

19

20

21

22

23

24

25

26

27

28

OHS West:260300662.1

- 3 -

1

2                            **PRAYER FOR RELIEF**

3          WHEREFORE, Chase prays that the Court grant the following relief:

4          1.    That the Complaint be dismissed with prejudice and that plaintiff take

5                nothing thereby;

6          2.    That judgment be entered in favor of Chase on all claims;

7          3.    That Chase be awarded its attorneys' fees and costs of suit; and

8          4.    For such other relief as the Court may deem proper.

9

10   Dated: September 14, 2007              ROBERT S. SHWARTS
                                            AMIRA B. DAY
11                                          ORRICK, HERRINGTON & SUTCLIFFE LLP

12

13                                          _____
                                                        Amira B. Day
14                                               Attorneys for Defendant
                                            CHASE HOME FINANCE LLC F/K/A CHASE
15                                          MANHATTAN MORTGAGE CORPORATION

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANT CHASE HOME FINANCE LLC'S ANSWER TO PLAINTIFF'S AMENDED COMPLAINT

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### PROOF OF SERVICE BY MAIL

I am more than eighteen years old and not a party to this action.  My business address is Orrick, Herrington & Sutcliffe LLP, The Orrick Building, 405 Howard Street, San Francisco, California  94105-2669.  On September 14, 2007, I served the following document(s):

**DEFENDANT CHASE HOME FINANCE LLC'S ANSWER TO PLAINTIFF'S AMENDED COMPLAINT**

on the interested parties in this action by placing true and correct copies thereof in sealed envelope(s) addressed as follows:

Jill R. Ravitch
Perry, Johnson, Anderson, Miller & Moskowitz, LLP
438 1st Street, Fourth Floor
Santa Rosa, CA  95401

I am employed in the county from which the mailing occurred.  On the date indicated above, I placed the sealed envelope(s) for collection and mailing at this firm's office business address indicated above.  I am readily familiar with this firm's practice for the collection and processing of correspondence for mailing with the United States Postal Service.  Under that practice, the firm's correspondence would be deposited with the United States Postal Service on this same date with postage thereon fully prepaid in the ordinary course of business.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on September 14, 2007, at San Francisco, California.

_Erica S. Andrada_
Erica S. Andrada

OHS West:260303140.1                                   - 1 -

PROOF OF SERVICE