1  ROBERT S. SHWARTS (State Bar No. 196803)
   rshwarts@orrick.com
2  AMIRA B. DAY (State Bar No. 239045)
   aday@orrick.com
3  ORRICK, HERRINGTON & SUTCLIFFE LLP
   405 Howard Street
4  San Francisco, California 94105
   Telephone:    (415) 773-5700
5  Facsimile:    (415) 773-5759

6
   Attorneys for Defendant
7  CHASE HOME FINANCE LLC f/k/a CHASE MANHATTAN
   MORTGAGE CORPORATION
8

9  JILL R. RAVITCH (SBN: 129787)
   ravitch@perrylaw.net
10 PERRY, JOHNSON, ANDERSON
   MILLER & MOSKOWITZ, LLP
11 438 First Street, 4th Floor
   Santa Rosa, CA 95401
12 Telephone:    (707) 525-8800
   Facsimile:    (707) 545-8242
13
   Attorneys for Plaintiff
14 EUGENE MOORE

15

16                    UNITED STATES DISTRICT COURT

17                    NORTHERN DISTRICT OF CALIFORNIA

18

19 EUGENE MOORE,                          Case No.  C 07-04778 CRB

20           Plaintiff,                    JOINT RULE 26(f) REPORT AND
21                                         CASE MANAGEMENT CONFERENCE
        v.                                 STATEMENT AND PROPOSED
22                                         ORDER
   CHASE MANHATTAN MORTGAGE
23 CORPORATION, and DOES 1 through 50,

24           Defendants.

25

26

27

28

1    Pursuant to Rule 26 of the Federal Rules of Civil Procedure and this Court's Local

2    Rule 16-9(a), the parties to the above-entitled action jointly submit this Joint Rule 26(f) Report

3    and Case Management Statement and Proposed Order.

4    The parties met and conferred to discuss initial case management and discovery

5    issues as required pursuant to Rule 26(f) of the Federal Rules of Civil Procedure and this Court's

6    Order Setting Initial Case Management Conference.

7    The Court has set a Case Management Conference to take place on December 21,

8    2007 at 8:30 a.m.

9    Counsel discussed the requirements as set forth in Rule 26(f) and those in the

10    Court's Contents of Joint Case Management Statement, such as trial and pretrial schedules,

11    discovery issues, ADR issues, and proposals to arrange for the disclosures required by Rule

12    26(a)(1).

13    **1.    Jurisdiction:**

14    The Court has subject matter jurisdiction over plaintiff's claims pursuant to 28

15    U.S.C. § 1332. All parties are subject to the Court's jurisdiction. All parties have been served.

16    **2.    Facts:**

17    Plaintiff Eugene Moore ("plaintiff") is a former employee of defendant Chase

18    Home Finance LLC, formerly known as Chase Manhattan Mortgage Corporation ("Chase").

19    During plaintiff's employment with Chase, he was employed as a Loan Officer at Chase's Santa

20    Rosa location. Plaintiff alleges that he submitted his resignation to Chase in November 2003 and

21    stopped working for Chase shortly thereafter. Chase alleges that plaintiff's employment with

22    Chase terminated in December 2004.

23    Plaintiff alleges that after his termination, Chase repaired a malfunctioning

24    computer that had crashed that plaintiff had been provided for business purposes, and

25    intentionally misappropriated information from the computer's hard drive regarding plaintiff's

26    clients. Plaintiff further alleges that after plaintiff's employment with Chase terminated, and

27    continuing today, Chase intentionally distributed marketing materials that displayed plaintiff's

28    counterfeit signature and falsely represented that the materials came from plaintiff, that plaintiff

- 1 -

JOINT RULE 26(F) REPORT AND CASE MANAGEMENT
CONFERENCE STATEMENT AND PROPOSED ORDER
(C 07-04778 CRB)

1    was presently employed by Chase, and that plaintiff would be available to assist clients if they

2    contacted the number provided on the materials.  Plaintiff further alleges that clients who called

3    in response to the materials reached agents of Chase and were told that plaintiff had been

4    terminated by Chase and left Chase's employment on unfavorable terms.  Plaintiff alleges that

5    Chase acted intentionally to harm plaintiff's ongoing business relationships, and that as a result of

6    Chase's alleged conduct, plaintiff has suffered embarrassment and loss of reputation and standing

7    in the industry.  Plaintiff further alleges that past, existing, and potential clients have not engaged

8    in future business with plaintiff because of Chase's alleged actions.

9            On July 18, 2007, plaintiff filed his action against Chase in the Superior Court of

10   California, Sonoma County.  Shortly thereafter, on August 8, 2007, plaintiff filed his first

11   amended complaint.  Chase answered plaintiff's first amended complaint on September 14, 2007.

12   On September 17, 2007 Chase filed a notice of removal, removing this case to the United States

13   District Court, Northern District of California, where it is now pending.

14           In his first amended complaint, plaintiff asserts claims for (1) common law

15   invasion of privacy by violation of right of publicity, (2) statutory invasion of privacy by

16   violation of right of publicity, (3) false light invasion of privacy, (4) defamation, (5) unfair

17   business practices, (6) intentional interference with prospective economic advantage, and (7)

18   injunctive relief.

19           Chase denies all of plaintiff's claims.  Chase denies that it defamed plaintiff or

20   invaded his privacy, denies that it intentionally interfered with plaintiff's prospective economic

21   advantage, denies that it engaged in any unlawful or otherwise wrongful conduct toward plaintiff,

22   and denies that any form of injunctive relief is appropriate.  In addition to denying plaintiff's

23   allegations, Chase asserts several defenses in its Answer.

24       **3.**    **Legal Issues in Dispute:**

25           1.    Whether plaintiff can establish that Chase invaded his privacy.

26           2.    Whether plaintiff can establish that Chase defamed him.

27           3.    Whether plaintiff can establish that Chase engaged in unfair business

28   practices.

1          4.      Whether plaintiff can establish that Chase intentionally interfered with

2    plaintiff's prospective economic advantage.

3          5.      Whether plaintiff is entitled to injunctive relief.

4          6.      Whether plaintiff has stated facts sufficient to constitute a claim against

5    Chase.

6          7.      Whether any conduct by or attributable to Chase was the cause in fact or

7    legal cause of any alleged damages suffered by plaintiff.

8          8.      Whether any of plaintiff's claims are barred in whole or in part by

9    applicable statutes of limitations.

10          9.      Whether plaintiff consented to and approved all or any of the acts and

11    omissions about which plaintiff now complains.

12          10.     Whether any allegedly defamatory statements, to the extent they were

13    made by Chase at all, are true.

14          11.     Whether any allegedly defamatory statements, to the extent they were

15    made at all, were made by Chase in good faith, honestly and not maliciously.

16          12.     To the extent that Chase made any of the statements or representations

17    about which plaintiff complains, whether Chase was privileged and justified in doing so by statute

18    and/or by common law.

19          13.     Whether any of plaintiff's claims are barred in whole or in part under the

20    doctrines of estoppel, waiver, ratification and/or laches.

21          14.     Whether plaintiff states facts sufficient to support an award of

22    compensatory or future damages against Chase.

23          15.     Whether plaintiff states facts sufficient to support an award of

24    restitutionary damages against Chase.

25          16.     Whether plaintiff states facts sufficient to form the basis for an award of

26    exemplary or punitive damages against Chase.

27    ///

28

- 3 -

1            17.     Whether any award of punitive damages in this case would violate the due

2    process, equal protection and/or excessive fines provisions of the California and United States

3    Constitutions.

4            **4.**     **Anticipated Motions:**

5            Chase anticipates moving for summary judgment on plaintiff's claims.

6            **5.**     **Amendment of Pleadings:**

7            The parties propose that the deadline to amend the pleadings be 120 days

8    from the date of this Order.

9            **6.**     **Evidence Preservation:**

10           Chase has taken and continues to take steps to preserve evidence relevant to the

11   issues reasonably evident in this action.

12           **7.**     **Disclosures:**

13           The parties certify that they will make their initial disclosures by December 14,

14   2007.

15           **8.**     **Discovery:**

16           No discovery has yet been taken in this case.

17           The parties do not believe that discovery should be conducted in phases or limited

18   to particular issues.

19           The parties intend to follow the parameters for discovery set forth in the federal

20   and local rules, although the parties reserve the right to request leave for additional discovery.

21           The parties will produce any electronic documents subject to production in

22   hardcopy format.

23           The parties will negotiate a protective order in the event that confidential

24   information needs to be disclosed in discovery.

25           **9.**     **Related Cases:**

26           None.

27   ///

28

- 4 -

JOINT RULE 26(F) REPORT AND CASE MANAGEMENT
CONFERENCE STATEMENT AND PROPOSED ORDER
(C 07-04778 CRB)

10. **Relief:**

Plaintiff seeks damages, including future damages, exemplary damages, attorneys' fees, pre-judgment interest, and costs of suit.  Plaintiff also seeks a temporary restraining order, preliminary injunction, and permanent injunction, as well as restitution of all moneys received as a result of Chase's alleged conduct.  Plaintiff contends that if any liability is established the determination of damages will be dependent upon discovery of the number of solicitations sent by Defendant Chase to Plaintiff's clients and the resultant reduction in revenue.  Defendant contends that if any liability is established damages should be calculated by the jury.

11. **Settlement and ADR:**

At this early stage of the litigation, the parties disagree about whether discussion of settlement is pre-mature.  The parties have agreed to pursue court mediation in accordance with the Court's December 4, 2007 order referring the case to mediation.

12. **Consent to Magistrate Judge For All Purposes:**

The parties do not consent to have a Magistrate Judge conduct all further proceedings including trial.

13. **Other References:**

This case is not suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

14. **Narrowing of Issues:**

Defendants anticipate moving for summary judgment on plaintiff's claims.

15. **Expedited Schedule:**

This case is not appropriate to be handled on an expedited basis.

16. **Scheduling:**

The parties request the following scheduling dates:

1.    Discovery cut-off date: 60 days prior to trial

2.    Last day for this Court to hear dispositive motions: Motions for Summary Judgment must be heard 30 days before trial; local Rules applicable to service shall apply.

3.    Pre-trial conference:  14 days prior to trial

1        4.    Trial:  December 2008

2    17.    **Trial:**

3        Plaintiff desires a jury trial.  The parties anticipate the trial will last 5 to 7 days.

4    18.    **Disclosure of Non-party Interested Entities or Persons:**

5        Defendant has filed a Certification of Interested Entities or Persons.

6        Defendant certifies that the following listed persons, associations of persons, firms,

7    partnerships, corporations (including parent corporations) or other entities (i) have a financial

8    interest in the subject matter in controversy or in a party to the proceeding, or (ii) have a non-

9    financial interest in that subject matter or in a party that could be substantially affected by the

10   outcome of this proceeding:  Defendant Chase Home Finance LLC, a wholly owned subsidiary of

11   Chase Home Finance Inc. and successor by way of merger to Chase Manhattan Mortgage

12   Corporation; Chase Home Finance Inc., the parent of Chase Home Finance LLC; JPMorgan

13   Chase Bank NA, a national association and the parent of Chase Home Finance Inc.; and

14   JPMorgan Chase & Co, a publicly traded corporation and parent of JPMorgan Chase Bank, NA.

15

16   Dated: December 14, 2007

17                                        JILL R. RAVITCH
                                          PERRY, JOHNSON, ANDERSON
18                                        MILLER & MOSKOWITZ, LLP
                                          Attorneys for Plaintiff
19                                        EUGENE MOORE

20

21   Dated: December 14, 2007

22                                        ROBERT S. SHWARTS
                                          ORRICK, HERRINGTON &
23                                        SUTCLIFFE LLP
                                          Attorneys for Defendant
24                                        CHASE HOME FINANCE LLC

25

26   ///

27   ///

28   ///

OHS

JOINT RULE 26(F) REPORT AND CASE MANAGEMENT
CONFERENCE STATEMENT AND PROPOSED ORDER
(C 07-04778 CRB)

1

## CASE MANAGEMENT ORDER

2      The Case Management Statement and Proposed Order is hereby adopted by the Court as

3   the Case Management Order for the case and the parties are ordered to comply with this Order.

4

5   Dated: _____, 2007

                                                    _____
6                                                    Hon. Charles R. Breyer
                                                    United States District Judge
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

OHS